UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| B.P.S., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:19-cv-06154-FJG |
| v. ) | |
| ) | |
| COVINGTON SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Exclude Expert Opinions of Defendant's Expert Broc Beaver (Doc. No. 39); and (2) Defendant's Motion to Partially Exclude the Expert Opinions of Lewis Scott Gann (Doc. No. 41).

**I.     Background**

This is an insurance coverage case. Plaintiff sustained a partial roof collapse at its commercial warehouse in St. Joseph, Missouri. Plaintiff claims the loss was caused by a windstorm, which is a covered loss under defendant's insurance policy. Defendant claims the loss was caused by water intrusion caused by a leaky roof, which is not a covered loss under the policy. In its pre-suit investigation of the insurance claim, defendant retained its proposed expert Broc Beaver as an independent insurance adjuster. Mr. Beaver found there was no coverage. One of the proposed experts identified by plaintiff in this matter, Lewis Scott Gann, is a general contractor who has offered opinions on the cause of the collapse, as well as the scope and the cost of the repairs to the building.

## II. Standard

"Federal Rule of Evidence 702 governs the admissibility of expert testimony and the trial judge screens such evidence for relevance and reliability." Wood v. Minnesota Mining & Mfg. Co., 112 F.3d 306, 309 (8th Cir. 1997). Relevant expert testimony should be admitted if: (1) it is "based on sufficient facts or data;" (2) it is "the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; see also Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557, 561 (8th Cir. 2014).

In making its determination the district court may consider many factors. Johnson, 754 F.3d at 562 (citing to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-94 (1993)). Among the non-exclusive factors listed by the Daubert Court are: (1) whether the expert's technique can be or has been tested; (2) whether the expert's "theory or technique has been subjected to peer review and/or publication;" (3) "the known or potential rate of error" for the technique; and (4) whether the technique is generally accepted. Daubert, 509 U.S. at 593-94. Generally, doubts as to the usefulness of the testimony should be resolved in favor of admissibility. Johnson, 754 F.3d at 562. "Further, district courts are admonished not to weigh or assess the correctness of competing expert opinions." Id. A court, however, should exclude an expert's proposed testimony when it is either excessively speculative or unsupported by sufficient facts. See Hale Cty. A & M Transp., LLC v. City of Kansas City, Mo., 998 F. Supp. 2d 838, 844 (W.D. Mo. 2014) (citing Onyiah v. St. Cloud State Univ., 684 F.3d 711, 720 (8th Cir.2012)).

## III. Analysis

### A. Plaintiff's Motion to Exclude Expert Opinions of Defendant's Expert Broc Beaver (Doc. No. 39)

2

Plaintiff argues that the Court should strike the expert testimony of Broc Beaver because (1) Mr. Beaver is not an expert, which he admitted at deposition; and (2) Mr. Beaver's opinion that there is no insurance coverage invades into the province of the jury. Instead of filing a response to the pending motion, defendant filed a memorandum to the Court (Doc. No. 45) indicating that the parties have resolved the issues raised in plaintiff's motion and will be filing an agreed-upon stipulation shortly. Although the parties have not yet filed the agreed-upon stipulation with the Court, the exhibits attached to defendant's memorandum indicate that the parties have agreed that Mr. Beaver may be allowed to testify as a fact witness, but not as an expert witness. See Doc. No. 45-1. Therefore, the Court finds that plaintiff's motion (Doc. No. 39) should be **DENIED AS MOOT**. Mr. Beaver will be allowed to testify as a fact witness only, and he will not be allowed to testify as an expert witness in this matter.

**B.     Defendant's Motion to Partially Exclude the Expert Opinions of Lewis Scott Gann (Doc. No. 41)**

Defendant seeks to preclude Mr. Gann from testifying about the cause of the roof collapse. (Defendant does not seek to preclude Mr. Gann from testifying regarding the scope, cost, and amount of repairs to the building, however.) Specifically, defendant indicates that Mr. Gann admitted during his deposition that he is a lay person and has no specialized training to evaluate wind damage. See Doc. No. 42, Ex. B, Gann Depo. at 23:21-25, 24:21-25. For instance, Mr. Gann testified, "Well, it didn't look like a missile hit it, so I figured it had to be a weather event like wind." Id., 19:3-5. Defendant argues that this type of testimony is not based on the expert's knowledge or experience, sufficient facts and data, or reliable principles and methods. See Fed. R. Evid. 702.

3

Case 5:19-cv-06154-FJG   Document 49   Filed 08/26/20   Page 3 of 6

With respect to specialized knowledge, defendant notes that Mr. Gann has a high school education with no specialized training in engineering. Instead, he is a general contractor who relied solely on his experience as such when formulating his causation opinion. Defendant further notes that plaintiff has retained an engineer in this case, Mike Falbe, whose opinions are not the subject of a motion to strike. Defendant notes that Mr. Gann has no specialized training regarding wind losses or engineering, nor does he have a forensic engineering background which would allow him to opine on causation.

With respect to sufficient facts or data, defendant argues that Mr. Gann cites no data or facts upon which he bases his opinion; instead, he merely concludes the collapse was due to a weather event like wind. Doc. No. 42, Ex. B, at 19:3-5. Mr. Gann was unable to point to a specific wind event occurring in the area which could have caused the damage. Instead, defendant asserts that Mr. Gann merely inspected the building for the purpose of affecting repairs, not to determine the cause of the roof collapse. See id., 41:15-23.

With respect to reliable principles and methods, defendant indicates that Mr. Gann's opinion does not meet the <u>Daubert</u> criteria as no scientific or other testing was performed. Instead, the opinion was based purely on Gann's speculation. Defendant further asserts that Mr. Gann did not apply any recognized methodology or scientific principles to arrive at his conclusions in this case.

In response, plaintiff argues that the determination of the cause of a roof collapse does not always require an engineering education, nor does it always require the employment of scientific principles and methods. Instead, plaintiff argues that Mr. Gann is qualified as an expert by knowledge, skill, experience and training gained over thirty-

five years in the construction industry.  Plaintiff also argues that the causation opinion is based on Mr. Gann's investigation and repair of the roof in question, including photographs he took which show wind uplift.  Plaintiff notes that Mr. Gann testified about the mechanics of wind damage causing roof failure as follows:  ". . . it's the physics of it.  So if the wind picks something up and it disjoints it from its fasteners, it's free to go wherever it wishes.  By that, once that bond is broken between the actual mechanical fasteners, that's when there's nothing there to support it at that point.  That's what's holding it together.  So at that time if you have wind pressure in the building or out of the building, it can make that thing [the roof] do whatever it decides to do."  Gann Depo., 40:23-41:14.  Plaintiff further asserts that this testimony and other testimony like it throughout Mr. Gann's deposition will assist the trier of fact in determining the issue of causation, arguing that lay jurors are unlikely to understand the mechanics of construction, framing, fasteners, and wind uplift.  Plaintiff also argues that Mr. Gann's extensive training and experience in the construction industry qualifies him as an expert, and that defendant is seeking to hold Mr. Gann's opinion to an arbitrary scientific standard that does not apply to opinions like his.  Plaintiff further argues that defendant's complaints go to the weight to be accorded to Mr. Gann's testimony at trial, not its admissibility.

     Upon consideration of the arguments raised by the parties, the Court finds that defendant's motion should be **GRANTED** for the reasons stated by defendant.  Despite Mr. Gann's expertise as a general contractor and in structural framing, plaintiff has not demonstrated that Mr. Gann has the requisite expertise to opine as an expert as to the cause of the damage to the roof in this case.  The Court further believes that the facts and circumstances of this case (where no specific wind event is identified by Mr. Gann as

5

Case 5:19-cv-06154-FJG   Document 49   Filed 08/26/20   Page 5 of 6

the cause of the collapse) demonstrate that an expert engineering report is needed to determine the cause of the damage. Therefore, Mr. Gann's causation opinions will be stricken, and will not be considered by this Court at trial or otherwise. This Order does not preclude Mr. Gann from testifying regarding the scope, cost, and amount of repairs to the building, so long as such testimony does not stray into the improper opinion testimony identified by defendant.

## IV. Conclusion

Therefore, for the foregoing reasons, (1) Plaintiff's Motion to Exclude Expert Opinions of Defendant's Expert Broc Beaver (Doc. No. 39) is **DENIED AS MOOT**; and (2) Defendant's Motion to Partially Exclude the Expert Opinions of Lewis Scott Gann (Doc. No. 41) is **GRANTED**.

**IT IS SO ORDERED.**

Date: August 26, 2020　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge